UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO GONZALEZ,

                Petitioner,

       -against-

W.S. PLILER,

                Respondent.

No. 1:22-cv-09602 (JLR) (JW)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

On November 9, 2022, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, asserting that his due process rights were violated because (1) the disciplinary hearing officer erroneously found him "guilty" of being under the influence of a narcotic without sufficient evidence; (2) there were irregularities surrounding the disciplinary hearings; and (3) the sanctions were arbitrary. Dkt. No. 1, ¶¶ 9–17.  This petition was referred to Magistrate Judge Jennifer E. Willis for a Report and Recommendation.  *See* Dkt. 6.  In the Report and Recommendation filed on December 15, 2025, Magistrate Judge Jennifer E. Willis recommended that the petition be denied.  *See* Dkt. 18.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised Petitioner that he had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object.  *See* Dkt. 18 at 13-14.  In addition, the Report and Recommendation expressly called Petitioner's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  As of the date of this Order, no timely objection has been filed and no request for an extension of time to object has been made.  Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  The Court agrees that the Disciplinary Hearing Officer's ("DHO") sanction was supported by "some evidence," *see* Dkt. 18 at 10-11, the Bureau of Prisons afforded Petitioner all requisite procedures, *see id.* at 11-12, and the sanction was within the range authorized by regulation, *see id.* at 12-13.  Accordingly, there is no clear error and the Report and Recommendation is ADOPTED in its entirety.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good

faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the case and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:  January 6, 2026
      New York, New York

                                              *Jennifer Rochon*

                                        JENNIFER L. ROCHON
                                        United States District Judge